# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket Nos. 2:18-cr-00168-NT, |
| ) | 2:19-cr-00103-NT |
| AARON WEST, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

On September 16, 2020, Aaron West filed a *pro se* motion for compassionate release. Sept. Mot. for Compassionate Release (2:18-cr-00168-NT, ECF No. 76; 2:19-cr-00103-NT, ECF No. 32). His primary basis for the motion was that he was unable to participate in prison programming due to the COVID-19 pandemic. Resp. to Order to Show Cause (2:18-cr-00168-NT, ECF No. 80; 2:19-cr-00103-NT, ECF No. 36). On October 13, 2020, I denied the motion, concluding that "dissatisfaction with the availability of prison programs during the pandemic does not constitute an 'extraordinary and compelling reason[]' to modify a sentence under 18 U.S.C. § 3582 for an otherwise healthy 39-year-old." Order (2:18-cr-00168-NT, ECF No. 81; 2:19-cr-00103-NT, ECF No. 37). On January 13, 2021, Mr. West filed a second *pro se* motion for compassionate release, asserting that he has unspecified "medical issues" that he believes would entitle him to compassionate release and requesting that he be assigned a lawyer to help him obtain his medical records.[1] Jan. Mot. for

---

[1] As of September 2019, Mr. West characterized his physical health as "good" and stated that he had no medical problems other than an untreated hernia. Pre-Sentence Investigation Report ¶ 63

Compassionate Release (2:18-cr-00168-NT, ECF No. 82; 2:19-cr-00103-NT, ECF No. 38).

As I have previously outlined, in considering a motion for compassionate release, I must assess the level of danger that a defendant's release would pose to the community. *See United States v. Millette*, Docket No. 2:16-cr-00004-NT, 2020 WL 7502454, at *4 (D. Me. Dec. 21, 2020). Because I ultimately find that Mr. West presents an unacceptable risk of danger to the public, I need not delve into the remainder of the compassionate release analysis, regardless of any medical condition that he might have.

Mr. West has a lengthy criminal history that began at age eighteen and continued until his present incarceration. Pre-Sentence Investigation Report ("**PSR**") ¶ 37 (2:18-cr-00168-NT, ECF No. 78-2). Prior to committing the crimes of conviction, he had twelve separate convictions for various serious crimes, including four separate assaults, theft, "Terrorizing" (for threatening to kill a woman's whole family), carrying a concealed weapon, credit card fraud, and bank robbery. PSR ¶¶ 37–48. Mr. West has been in and out of jail for much of the last twenty years as a result of these convictions, and he has been adjudged guilty of violating his probation on numerous occasions. PSR ¶¶ 37–48. Mr. West's underlying federal convictions resulted after he committed two bank robberies. PSR ¶¶ 7–8. And he committed the second bank

---

(2:18-cr-00168-NT, ECF No. 78-2). I am unaware of a hernia being a risk factor for complications resulting from COVID-19, and Mr. West makes no allegation that it is.

robbery after being released on pretrial supervision for the first bank robbery. PSR ¶¶ 4–5.

Mr. West has a demonstrated history of recidivism and inability or unwillingness to abide by conditions of release, including very recent history. Were I to grant him compassionate release, I do not have confidence that he would abide by any conditions of release, and I see little reason to believe that he would not continue to engage in criminal activity. This high likelihood of recidivism means that Mr. West still poses a danger to the community and that compassionate release is not appropriate under these circumstances, regardless of any medical condition that he might have.

Accordingly, Mr. West's request for counsel and his motion for compassionate release (2:18-cr-00168-NT, ECF No. 82; 2:19-cr-00103-NT, ECF No. 38) are **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated: January 21, 2021